UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
New Albany Division
Civil Action No.26-CV-00024

JESSE MAC REEDER
4325 Lickford Bridge Rd SW
Corydon, Indiana  47112

T.R., a minor under the age of 18 by
JESSE MAC REEDER, his parent and natural guardian

      Plaintiffs

v.


BOARD OF COMMISSIONERS AND
COUNCIL OF THE COUNTY OF HARRISON, INDIANA
245 Atwood Street
Corydon, Indiana  47112

HARRISON COUNTY SHERIFF'S DEPARTMENT
1445 Gardner Lane, NW
Corydon, Indiana  47112

HARRISON COUNTY SHERIFF, NICK SMITH
1445 Gardner Lane, NW
Corydon, Indiana  47112

OFFICER, SHAEFER, (first name unknown)
and at least FOUR (4) UNKNOWN OFFICERS
1445 Gardner Lane, NW
Corydon, Indiana  47112

HARRISON COUNTY PROSECUTOR, OTTO SCHALK
1445 Gardner Lane, NW
Corydon, Indiana  47112

      Defendants

1

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

Now into Court comes the Plaintiffs, Jesse Mac Reeder and minor child by Jesse Mac Reeder, his parent and natural guardian, hereinafter ("T.R."), through undersigned counsel and files this Complaint and Request for Trial by Jury against the Defendants, and alleges as follows:

## I.    NATURE OF THE ACTION

Jesse Reeder and T. R. bring this action in order to recover damages based upon:

a. Deprivation of rights protected under 42 U.S.C. § 1983, specifically violations of Jesse Reeder's rights guaranteed under the Fourth Amendment, extended and guaranteed to him under the Fourteenth Amendment, and supplemental State tort claims.

b. Negligence and/or intentional infliction of emotional distress upon T.R. arising out of the tortious conduct by Defendants herein.

c. Jesse Reeder and T.R. seek damages, declaratory judgment, costs and attorney fees associated with bringing this suit, as well as punitive damages, incurred as a proximate result of the Defendants' actions.

## II.    JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to 28 U.S.C. §§1331, 1343 and 2201. This suit is a legal action for damages pursuant to 42 U.S.C. §1983 and supplemental State tort claims.

2. This Court has jurisdiction over the Supplemental State claims set out herein pursuant to 28 U.S.C. §1367.

3. All Defendants reside, may be found, or transact business within the Southern District of Indiana.

2

4.  This Court has personal jurisdiction over the Defendants, who at all times relevant conducted business in Harrison County, Indiana.

5.  Venue is appropriate in this Court because of the proximity of this Court to Harrison County, Indiana.

### III.    PARTIES

6.  Plaintiff, Jesse Mac Reeder, ("Mr. Reeder"), is a person of the full age of majority and at all times relevant was a resident of Corydon, Indiana.

7.  Plaintiff, T.R., is a minor person under the age of 18, and at all times relevant a resident of Corydon, Indiana.  Mr. Reeder was granted sole custody of T.R. on June 24, 2025, pursuant to Order issued by the Floyd Superior Court No. 3 in case *In Re:  The Marriage of Megan Brown f/k/a Reeder vs. Jesse Reeder, Cause No. 22D03-1107-DR-0521,* the Honorable J. Terrence Cody, Senior/Special Judge presiding.

8.  Defendant, Board of Commissioners of Harrison County, Indiana, ("Defendant Board of Commissioners") act as the executive branch for the county and is responsible for the county administration, policy making, budget and infrastructure.  Defendant, Council of Harrison County, Indiana, ("Defendant Council") serves as the fiscal body for the county, managing its funds, budgets and tax rates.  In this case, Defendants Board of Commissioners and Defendant Council acted through its agents, employees, servants and officers.

9.  Defendant, Harrison County Sheriff's Department, ("Defendant HCSD"), is a county agency for the local government of Harrison County, Indiana and operates

and governs its police officers pursuant to the laws of Harrison County, Indiana. In this case, Defendant HCSD acted through its agents, employees, servants and officers.

10. Defendant, Harrison County Sheriff, Nick Smith, ("Defendant Sheriff"), is an elected official who oversees the Harrison County Sheriff's Department and at all times relevant was responsible for conducting criminal investigations in Harrison County, Indiana. In this case, Defendant Sheriff was or should have been in direct supervision of the actions and conduct of his agents, employees, servants and officers.

11. Defendant, Officer Shaefer, (first name unknown), ("Defendant Shaefer") and at least Four (4) Unknown Officers, were at all times relevant, police officers with the Harrison County Sheriff's Department when they committed the acts alleged herein.

12. Defendant, Harrison County Prosecutor, Otto Schalk ("Defendant Prosecutor"), is an elected official and is responsible for ensuring public safety by investigating crimes and reviewing investigations from law enforcement to determine if and what charges will be filed based on evidence, and represents the County of Harrison and the State of Indiana in all criminal cases.

## IV.    FACTS

13. On or about January 28, 2024, Mr. Reeder was arrested when Harrison County Sheriff's officers executed a SWAT style raid at the Plaintiffs' family member's residence located at 2000 Melview Road, SE in Laconia, Indiana 47135. These at least three (3) unknown officers entered the home in military fashion with AR-15 rifles equipped with laser sights. They pointed their loaded weapons and laser sights directly into the faces of Mr. Reeder and his son, T.R.

4

14. This arrest was based upon a Floyd County warrant that had been recalled weeks prior. Before this arrest, both Plaintiffs had contacted the Harrison County Sheriff's Department repeatedly by telephone, voicemail and texts to report that there was active child abuse committed upon T.R. by his mother and about the recalled status of the Floyd County warrant. At one point Harrison County Chief of Police, Brad Rothrock confirmed to Mr. Reeder that the warrant was recalled assuring him that he would report it to the Harrison County Prosecutor, Otto Schalk and indicated that the matter "would be handled swiftly".

15. Despite these assurances, Mr. Reeder was arrested and shackled in T.R.'s presence by these officers. The officers forcibly removed T.R. from his father's custody and the child was taken back to his mother. This is the very same person whose abuse T.R. had repeatedly disclosed and included in recent and pending felony charges filed against her involving T. R. for battery and assault of a child under the age of 14.

16. These arresting officers transported Mr. Reeder to the Harrison County Jail where he was then strip searched, jailed and detained for three (3) weeks until he was able to secure bond.

17. On January 29, 2024, during Mr. Reeder's ZOOM arraignment, a corrections officer instructed all inmates, including Mr. Reeder to remain silent, forbidding him to provide any explanation to the Judge about the recalled warrant. He was advised that he had been charged with Interference with Custody (detains child; violation of court order) pursuant to I.C. 35-42-3-4(b)(2) and the possible penalties upon conviction.

18. During Mr. Reeder's three (3) weeks' detention he made multiple attempts to

5

communicate his unlawful arrest on a recalled warrant to jail staff and sent handwritten letters to Sheriff, Nick Smith and Prosecutor, Otto Schalk, but received no response.

19. On May 5, 2024, while exercising his parenting time with T.R., Mr. Reeder was arrested at his residence at 4325 Lickford Bridge Road, SW, in Corydon, Indiana 47112 again by Harrison County Sheriff officers.  This arrest took place during a scheduled custody exchange, and the officers were accompanied by T.R.'s mother, Megan Brown.

20. Mr. Reeder exited his residence with T.R. to say goodbye following parenting time and seeing police vehicles with Ms. Brown, he approached to inquire as to why they were there.   Officer Shaefer approached him aggressively from behind and shouted "Are you Jesse Reeder?".  Upon Mr. Reeder confirming his identity, Officer Shaefer grabbed his arm violently, announcing that he was under arrest. Another Officer, name unknown along with Officer Shaefer body-slammed Mr. Reeder face-down onto the ground and the unknown officer drove his knee into Mr. Reeder's spine & ribs. The officers then searched his body and wallet without presenting a warrant.

21. All these actions took place in front of T.R. who asked the officers "What are you arresting him for?" Their response was "we don't know yet." Mr. Reeder then ascertained that these officers falsely believed the same recalled Floyd County warrant was still active and used it as justification to arrest Mr. Reeder once again.

22. Due to the injuries from this arrest, Mr. Reeder was taken to Harrison County Hospital in handcuffs and shackles, where he was diagnosed with a spinal contusion and rib injury. Pain medication was prescribed by a physician to treat Mr. Reeder's pain.

23. He was then transported to the Harrison County Jail, strip searched again and

6

held in solitary confinement. Mr. Reeder was forced to sleep on a concrete bench with no bedding while suffering from a spinal injury and while being denied access to the prescribed pain medication.

24. The next morning, he was told "You're cut loose" by jail staff and released without arraignment or posting of bond.  He was given no explanation for the excessive force used against him during his wrongful arrest which resulted in his injuries, nor did Mr. Reeder ever see a judge.

25. Mr. Reeder had no money, no transportation and no charged phone.  Jail staff refused to let him charge his phone or contact anyone for a ride.  He was forced to walk home over ten (10) miles after suffering a spinal injury caused by the Harrison County Sheriff officers.

26. At Mr. Reeder's final pretrial hearing on July 19, 2024, under *State of Indiana v. Jesse Mac Reeder,* Case No. 31D01-2312-CM-000829, he recounted the unlawful arrests, use of force, his physical injuries, denial of medical care and the traumatizing impact of witnessing and experiencing these events upon T.R.

27. When Mr. Reeder presented these facts to Harrison County Prosecutor, Otto Schalk months later, only then, did the prosecutor acknowledge and admit that a valid warrant had never been served on him and that the probable cause for his charges were based solely upon that warrant.

28. Harrison County Prosecutor, Otto Schalk, then dismissed the criminal action against Mr. Reeder *without* prejudice on July 19, 2024.  Mr. Reeder understood this to mean that these same charges could be re-filed against him at a later date at the discretion of the prosecutor.

29. Due to the repeated pattern of unlawful arrests, violence and humiliation, Mr. Reeder developed a well-founded fear of further abuse by the Harrison County Sheriff's Office, Harrison County Sheriff, Nick Smith and his officers as well as the Harrison County Prosecutor's Office, leading him to obtain a firearm, a 44-magnum revolver for protection against further unlawful attacks.

30. During this period of fear and hypervigilance, on October 5, 2024, while stepping outside his residence in the evening to secure the surrounding property before bed, the firearm accidentally discharged after falling from its holster onto its butt stock against the hard rock patio.  The hollow point bullet struck Mr. Reeder's femur, causing a significant and dangerous injury.

31. Emergency surgery required insertion of a permanent internal rod.  The injury has resulted in lifelong disability, chronic pain, loss of mobility and further diminished economic capacity.  This injury is causally connected to Harrison County's unconstitutional conduct under *Monell v. Department of Social Services*, 436 US 658 (1978) as the fear and need for protection arose directly from its pattern of unlawful use of force; unnecessary arrests under a recalled warrant; lack of accountability; and repeated abusive conduct with blatant disregard for Mr. Reeder's constitutional rights.

## V.    CAUSES OF ACTION

The Defendants' conduct was intentional or grossly negligent, and/or indicated malice toward the Plaintiffs or at least indicated a totally reckless and deliberate disregard for and indifference to the Plaintiffs' constitutional and common law rights.

**Causes of Action I through II**
**Violations of 42 U.S.C. §1983**

Mr. Reeder and T.R. re-assert, re-allege, and incorporate by reference the statements contained in paragraphs 1 through 31 of this Complaint, as if those statements were fully articulated within this cause of action.

32. Pursuant to 42 U.S.C. §1983, persons deprived of federal constitutional rights may bring a private action for damages against individual officers and units of local government.

33. In order to prove a claim under 42 U.S.C. §1983, a plaintiff must demonstrate that:

    a. the defendant deprived him of a right secured by the Constitution or any law of the United States, and

    b. the deprivation of that right resulted from the defendant acting under color of law.

34. At all times relevant to this action, all Defendants and/or their agents, employees and servants were acting under the color of law under their authority, and under color of the statutes, ordinances, regulations, policies, customs, and their acts and/or omissions were conducted within the scope of both their official and personal capacities.

35. At all times relevant, Mr. Reeder had the following clearly established constitutional rights:

    a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth and Fourteenth Amendments, and

    b. the right to bodily integrity and to be free from cruel and unusual punishment and excessive force by law enforcement under the Fifth, Eighth and Fourteenth Amendments.

36. Any reasonable law enforcement officer knew or should have known of these

rights at the time of the complained of conduct as they were clearly established at the time.

37. Defendants are not entitled to qualified immunity for the complained of conduct.

**Cause of Action I**
**Violations of 42 U.S.C. §1983 Deliberately**
**Indifferent Policies, Practices, Customs, Training, and Supervision in violation**
**of the Fourth and Fourteenth Amendments**
**as to Defendants, Board of Commissioners & Council, HCSD &Sheriff, Nick Smith**

Mr. Reeder and T.R. re-assert, re-allege, and incorporate by reference the statements contained in paragraphs 1 through 37 of this Complaint, as if those statements were fully articulated within this cause of action.

38. At the time of the complained conduct, Defendants Board of Commissioners & Council and HCSD, through its agents, employees and servants, Harrison County Sheriff, Nick Smith, Officer Shaefer and the at least four (4) unknown officers knew or should have known of the rights set forth in paragraph 35 above, as they were clearly established.

39. Defendants Board of Commissioners & Council and HCSD, through their agents, employees and servants, were at all times relevant, the final policymaker for the HCSD, and in that capacity developed, promulgated, implemented and maintained General Orders, policies, procedures, customs, and/or practices for the HCSD.

40. Defendants Board of Commissioners & Council and HCSD, by and through their agents, employees and servants, developed, promulgated, implemented and maintained General Orders, policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces

behind and proximately caused the violations of Mr. Reeder's constitutional and federal rights as set forth herein. These violations resulted from a conscious and/or deliberate choice to follow a course of action from among various available alternatives.

41. Defendants Board of Commissioners & Council and HCSD, by and through their agents, employees and servants, Defendant Sheriff, Nick Smith, Officer Schaefer and the four (4) unknown officers, acted with objective unreasonableness and deliberate indifference to Mr. Reeder's constitutional rights when they followed expressed policies, enforced by Defendants Board of Commissioners & Council and HCSD which caused a constitutional deprivation of his rights.

42. Defendants Board of Commissioners & Council and HCSD, by and through their agents, employees and servants, Defendant Sheriff, Nick Smith, Officer Schaefer and the four (4) unknown officers, were objectively unreasonable and deliberately indifferent to Mr. Reeder's constitutional rights when they followed policies and/or procedures that were not best practices, or in the alternative, were objectively unreasonable and deliberately indifferent by their failure to follow best practice policies and/or procedures promulgated by Defendants Board of Commissioners & Council and HCSD and implemented by Defendant HCSD and Defendant Sheriff, Nick Smith, specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in the care, custody and control of HCSD.

43. Defendants Board of Commissioners & Council and HCSD are properly sued directly under 42 U.S.C. §1983 due to the actions and/or inactions of their agents, employees and servants acting in their official capacities, which violated Mr. Reeder's Fourth and Fourteenth Amendment rights to be secure in his body integrity, free from

11

unreasonable seizure through excessive force and cruel and unusual punishment by law enforcement by their failure or refusal to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training in the use of force when engaging with arrestees in their care, custody and control.

44. Defendants Board of Commissioners & Council and HCSD are properly sued under 42 U.S.C. §1983 for the deliberately indifferent unconstitutional decisions, policies, practices, habits, customs, usages, training and/or derelict supervision, ratification, acquiescence and/or intentional failures of its agents, employees and servants which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries to arrestees and particularly to Mr. Reeder.

45. Defendants HCSD and Sheriff, Nick Smith, by and through its agents, employees and servants, developed and/or maintained policies, procedures, customs, and/or widespread practices exhibiting deliberate indifference to the constitutional rights of citizens, which were not best practices and moving forces behind and proximately caused the violations of Mr. Reeder's constitutional rights as set forth herein. These violations resulted from a conscious and/or deliberate choice to follow a course of action from among various available alternatives.

46. Defendants HCSD and Sheriff, Nick Smith have created and tolerated an atmosphere of lawlessness, and have developed and maintained longstanding, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner

12

amounting to deliberate indifference and/or objective unreasonableness to the constitutional rights of Mr. Reeder and of the public.

47. Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith, by and through their agents, employees and servants, as final policy makers, provided objectively unreasonable and deliberately indifferent training and/or policies to Defendant Officer Shaefer and the other unknown officers which led to the constitutional violation of Mr. Reeder's rights.

48. Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith's actions and/or inactions were a moving force in and had a direct causal link to the injuries sustained by Mr. Reeder at the hands of Defendants Officer Shaefer and the other four (4) unknown officers.

49. The acts and/or omissions of Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith, by and through their agents, employees and servants, Defendant Officer Shaefer and the other four (4) unknown officers, as described herein, intentionally deprived Mr. Reeder of his constitutional and statutory rights and caused him and Plaintiff, T.R., other damages.

50. Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith 's agents, employees and servants, Defendants Officer Shaefer and the other four (4) unknown officers engaged in shocking actions and/or inactions, as described herein, which were willfully malicious and/or reckless, and deliberately indifferent to Mr. Reeder's federally protected constitutional rights.

51. As a direct result of Defendants Board of Commissioners & Council, HCSD and

Sheriff, Nick Smith's unlawful conduct, by and through its agents, employees and servants, Defendants Officer Shaefer and the other four (4) unknown officers, Mr. Reeder has suffered actual physical injuries, and Mr. Reeder and T.R. have both suffered emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages.

52. Mr. Reeder has, and will continue to suffer in the future, lost earnings and impaired earnings capacity. Mr. Reeder is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

53. In addition to compensatory, economic, consequential and special damages, Mr. Reeder is entitled to punitive damages against each of the individually named Defendants pursuant to 42 U.S.C. § 1983.

54. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

55. Defendants are not entitled to qualified immunity for the complained of conduct.

**Cause of Action II**
**Violations of 42 U.S.C. §1983**
**as to Defendants Officer Schaefer and other four (4) unknown officers**

Mr. Reeder and T.R. re-assert, re-allege, and incorporate by reference the statements contained in paragraphs 1 through 55 of this Complaint, as if those statements were fully articulated within this cause of action.

56. At the time of the complained conduct, Defendants Officer Shaefer and the other four (4) unknown officers knew or should have known of the rights set forth in paragraph 35 above, as they were clearly established.

57. At all times relevant to this action, Defendants Officer Shaefer and the other four (4) unknown officers were acting under the color of the law under their authority as officers of Defendant HCSD and Defendant, Sheriff, Nick Smith, and under color of the statutes, ordinances, regulations, policies, customs and usage of Defendant Board of Commissioners & Council and the State of Indiana.

58. Defendants Officer Shaefer and the other four (4) unknown officers, in their official and personal capacities, acted with deliberate indifference and objective unreasonableness to Mr. Reeder's constitutional rights.

59. Defendants Officer Shaefer and the other four (4) unknown officers, actions and use of force, as described herein, was objectively unreasonable in light of the facts and circumstances confronting them and violated Mr. Reeder' constitutional rights.

60. Mr. Reeder's hands were cuffed behind his back and he was shackled, so at no time relevant to this action was Mr. Reeder a threat to the safety of Defendants Officer Shaefer, the other four (4) unknown officers or others.

61. Defendants Officer Shaefer and the other four (4) unknown officers' actions and use of force, as described herein, was willful, malicious and/or reckless, callous, deliberately indifferent and objectively unreasonable to Mr. Reeder' federally protected rights.

62. Defendants Officer Shaefer and the other four (4) unknown officers acted with shocking and willful indifference to Mr. Reeder's rights and their conscious awareness that their actions would cause Mr. Reeder severe physical and emotional injuries were willfully malicious and/or reckless, objectively unreasonable and deliberately indifferent to Mr. Reeder' federally protected constitutional rights.

63. In their official and personal capacities, Defendants Officer Shaefer and the other four (4) unknown officers were deliberately indifferent and objectively unreasonable to Mr. Reeder' civil rights by their following of policies and/or procedures that were not best practices, or in the alternative, were deliberately indifferent by their failure to follow best practice policies and/or procedures promulgated and implemented by HCSD specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in their care, custody and control.

64. In their official and personal capacities, Defendants Officer Shaefer and the other four (4) unknown officers were deliberately indifferent and objectively unreasonable to Mr. Reeder' civil rights by their following of policies and/or procedures that were not best practices, or in the alternative, were deliberately indifferent and objectively unreasonable by their failure to follow best practice policies and/or procedures promulgated and implemented by HCSD as to the use of force.

65. As a proximate result of Defendants Officer Shaefer and the other four (4) unknown officers' unlawful conduct, in their official and personal capacities, Mr. Reeder has suffered actual physical injuries and both Mr. Reeder and T.R. have suffered actual emotional injuries, and other damages and losses as described herein entitling them to compensatory, special and punitive damages.

66. As a further result of Defendant Officer Shaefer and the other four (4) unknown officers' unlawful conduct, in their official and personal capacities, Mr. Reeder has incurred special damages, including medically related expenses and will continue to incur further medical and other special damages related expenses. Mr. Reeder is therefore entitled to money damages pursuant to 42 U.S.C. §1983 to compensate him

16

for his injuries and for the violations of his Constitutional and civil rights.

67. Mr. Reeder has, and will continue to suffer in the future, lost earnings and impaired earnings capacity. Mr. Reeder is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

68. In addition to compensatory, economic, consequential and special damages, Mr. Reeder is entitled to punitive damages against Defendant Officer Shaefer and the other four (4) unknown officers under 42 U.S.C. § 1983, in that their actions were taken maliciously, willfully or with a reckless or wanton disregard of Mr. Reeder' constitutional rights.

## Cause of Action III
### Violations of 42 U.S.C. §1983 Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments as to Defendant, Harrison County Prosecutor, Otto Schalk

Mr. Reeder and T.R. re-assert, re-allege, and incorporate by reference the statements contained in paragraphs 1 through 68 of this Complaint, as if those statements were fully articulated within this cause of action.

69. At all times relevant to this action, Defendant, Harrison County Prosecutor, Otto Schalk and/or his agents, employees and servants were acting under the color of law under their authority, and under color of the statutes, ordinances, regulations, policies, customs, and their acts and/or omissions were conducted within the scope of both their official and personal capacities.

70. At the time of the complained conduct, Defendant Prosecutor, through his

agents, employees and servants knew or should have known of the rights set forth in paragraph 35 above, as they were clearly established.

71. Defendant Prosecutor, by and through his agents, employees and servants acted with objective unreasonableness and deliberate indifference to Mr. Reeder's constitutional rights and caused a constitutional deprivation of his rights.

72. Defendant Prosecutor was objectively unreasonable and deliberately indifferent to Mr. Reeder's constitutional rights when he followed policies and/or procedures that were not best practices, or in the alternative, were objectively unreasonable and deliberately indifferent by their failure to follow best practice policies and/or procedures when filing charges which lacked probable cause and were based upon a recalled warrant from another county.

73. Defendant Prosecutor is properly sued directly under 42 U.S.C. §1983 due to the actions and/or inactions of his agents, employees and servants acting in their official capacities, which violated Mr. Reeder's Fourth and Fourteenth Amendment rights to be secure in his body integrity, free from unreasonable seizure through excessive force and cruel and unusual punishment by law enforcement

74. In addition to compensatory, economic, consequential and special damages, Mr. Reeder is entitled to punitive damages against Defendant Prosecutor under 42 U.S.C. § 1983, in that his actions were taken maliciously, willfully or with a reckless or wanton disregard of Mr. Reeder' constitutional rights.

## Cause of Action IV through VI
### Negligence

Mr. Reeder re-asserts, re-alleges, and incorporates by reference the statements

18

contained in paragraphs 1 through 74 of this Complaint, as if those statements were fully articulated within this cause of action.

75. The elements of a negligence cause of action consist of:

    a.  a duty owed to the plaintiff,
    b.  a breach of that duty by the defendant,
    c.  which proximately causes,
    d.  plaintiff's damages.

76. A duty exists for a law enforcement officer, a custodian of arrestees and/or detainees and a unit of government to exercise reasonable care to preserve the life, health, and safety of the person in custody.

77. As set forth below, the Defendants breached their duty to Mr. Reeder proximately causing his injuries and damages.

78. At all times relevant to this action, all Defendants to this claim were acting under the color of law under their authority, and under color of the statutes, ordinances, regulations, policies, customs, and their acts and/or omissions were conducted within the scope of both their official and personal capacities.

79. Any reasonable law enforcement officer or unit of government knew or should have known the obligations set forth in the forgoing paragraphs, as they were clearly established.

80. Defendants are not entitled to qualified immunity for the complained conduct.

## Cause of Action IV – Negligent Training and Supervision
## Negligence on Behalf of Defendants Board of Commissioners & Council, HCSD & Sheriff, Nick Smith

Mr. Reeder and T.R. re-assert, re-allege, and incorporate by reference the

statements contained in paragraphs 1 through 80 this Complaint, as if those statements were fully articulated within this cause of action.

81. On or before January 28, 2024, and at the time of the complained conduct, Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith were under a duty to promulgate, implement and enforce policies, practices and General Orders for the use and benefit of HCSD officers, and to properly train, supervise, investigate and correct the improper actions of HCSD officers.

82. Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith, by and through their employees acting in their official capacities were negligent in their failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of their employees in the use of force when engaging with arrestees in the care, custody and control of the HCSD, and particularly Mr. Reeder.

83. Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith negligently and without regard for the rights of others, and particularly Mr. Reeder, breached their duty to properly train, supervise, investigate and correct the improper actions of their employee police officers, particularly Defendant Officer Shaefer and the other four (4) unknown officers, including but not limited to instances of when officers used excessive force when engaging with an arrested individual.

84. Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith's disregard for the rights of others, in particular those of Mr. Reeder, was the direct proximate cause of the substantial injuries he sustained.

85. As a result of Defendants Board of Commissioners & Council, HCSD and Sheriff,

Nick Smith's failure to act, Mr. Reeder and T.R. endured pain and suffering, emotional trauma, extreme humiliation serious physical injury, suffered and will continue to suffer from pain, mental anguish and distress, and was caused economic damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

86. As a result of the foregoing, Mr. Reeder and T.R. are therefore entitled to money damages to compensate them for their injuries.

**Cause of Action V**
**Negligence on Behalf of Defendants**
**Officer Shaefer and the other four (4) unknown officers**

Mr. Reeder and T.R. re-assert, re-allege, and incorporate by reference the statements contained in paragraphs 1 through 86 of this Complaint, as if those statements were fully articulated within this cause of action.

87. Defendants Officer Shaefer and the other four (4) unknown officers, acting in their official and personal capacities, were negligent and breached their duty of care to Mr. Reeder by failing to follow policies and/or procedures designed to protect the health and safety of arrestees, such as Mr. Reeder, in their care, custody and control. official and personal capacities, were negligent and breached their duty of care to Mr. Reeder by, among other things, failing to comply with all applicable laws, statutes, regulations, training, police standards, police special and general orders regarding the use of force in his treatment and actions toward Mr. Reeder.

88. Defendants Officer Shaefer and the other four (4) unknown officers had a duty to not conduct themselves in any way which may be construed as immoral, indecent, and/or unprofessional.

89. Defendants Officer Shaefer and the other four (4) unknown officers breached these duties owed Mr. Reeder, with such breach being the direct and proximate cause of Mr. Reeder's significant and severe injuries.

90. As a direct and proximate result of Defendants Officer Shaefer and the other four (4) unknown officer's negligence, Mr. Reeder endured pain and suffering, emotional trauma, extreme humiliation serious physical injury, suffered and will continue to suffer from pain, mental anguish and distress, and was caused economic damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

91. As a result of the foregoing, Mr. Reeder is therefore entitled to money damages to compensate him for his injuries.

## Cause of Action VI
## Negligence on Behalf of Defendant Harrison County Prosecutor, Otto Schalk

Mr. Reeder and T.R. re-assert, re-allege, and incorporate by reference the statements contained in paragraphs 1 through 91 of this Complaint, as if those statements were fully articulated within this cause of action.

92. Defendant Harrison County Prosecutor, Otto Schalk was negligent and breached his duty of care to Mr. Reeder and T.R., as he has the following duties to all the citizens of Harrison County, Indiana:

    a. He has a duty to review any probable cause affidavit filed before filing criminal charges against an individual;

    b. He has a duty to properly advise law enforcement regarding the evidence necessary to prove that a charge/case can be proven beyond a reasonable doubt;

    c. He has an obligation to avoid pursuing charges he knows or should have

22

known were not supported by probable cause.

93. Defendant Prosecutor breached those duties he owed to Mr. Reeder and T.R. when he filed charges against Mr. Reeder in *State of Indiana v. Jesse Mac Reeder,* Case No. 31D01-2312-CM-000829 and preceded to attempt to convict Mr. Reeder on charges which were without probable cause based upon a warrant that had been recalled.

94. Upon Mr. Reeder attending his final pretrial conference in the case on July 19, 2024, which was the last hearing prior to a trial in the matter, only then did Defendant Prosecutor dismiss the action *without* prejudice leading Mr. Reeder to believe that it was within his discretion to re-file the charges at a later date.

95. As a direct and proximate result of Defendant Prosecutor's negligence, Mr. Reeder endured pain and suffering, emotional trauma, extreme humiliation, mental anguish and distress, and was caused economic damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

96. As a result of the foregoing, Mr. Reeder is therefore entitled to money damages to compensate him for his injuries.

## Causes of Action VII
### Assault and Battery on Mr. Reeder as to
### Defendants Officer Schaefer and the other four (4) unknown officers

Mr. Reeder re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 96 of this Complaint, as if those statements were fully articulated within this cause of action.

23

97. The elements of a claim of battery are met when the defendant:

    a. acts intending to cause a harmful or offensive contact with the person of the other or third person, or an imminent apprehension of such contact, and

    b. a harmful contact with the person of the other directly or indirectly results.

98. As set forth below, Defendants Officer Shaefer and the other four (4) unknown officers committed battery against Mr. Reeder proximately causing his damages.

99. Mr. Reeder was in fear of imminent bodily harm from Defendants, the other three (3) unknown officer's when they pointed loaded AR-15 rifles and their sites on him and T.R. and when Officer Shaefer and the other the unknown officer body-slammed him face-down onto the ground and that unknown officer drove his knee into Mr. Reeder's spine and ribs

100. Defendants Officer Shaefer and one of the other four (4) unknown officers engaged in harmful and offensive contact when they body-slammed Mr. Reeder face-down onto the ground and one of the unknown officers drove his knee into Mr. Reeder's spine and ribs.

101. The actions of Defendants Officer Shaefer and one of the other four (4) unknown officers are the direct cause of the injuries described above. Mr. Reeder is entitled to special damages which include pain and suffering, future pain and suffering, punitive damages and emotional trauma.

**Cause of Action VIII**
**Intentional and/or Negligent Infliction of Emotional Distress on T.R. as to Defendants Officer Schaefer and the other four (4) unknown officers**

Mr. Reeder and T.R. re-assert, re-allege, and incorporate by reference the

statements contained in paragraphs 1 through 101 of this complaint, as if those statements were fully articulated within this cause of action.

102.   The elements of a claim of intentional infliction of Emotional Distress are met when the defendant:

    a.    acts intentionally or recklessly

    b.    the conduct was extreme and outrageous

    c.    the conduct caused the plaintiff emotional distress, and

    d.    the distress was severe.

103.   T.R. was in fear of imminent bodily harm from Defendants, the other three (3) unknown officer's when they pointed loaded AR-15 rifles and their sites on him and his father, and witnessed Officer Shaefer and the other the unknown officer body-slam his father face-down onto the ground and saw that unknown officer drive his knee into his father's spine and ribs.

104.   T.R. witnessed first-hand, not once, but twice, his father being unlawfully arrested by use of excessive force and was in the first incident physically removed from his father and taken and put in the custody of his mother, who he had previously accused of abusing him.

105.   The Defendants Officer Shaefer and the other four (4) unknown officer's conduct was so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency.

106.   Such emotional distress to T.R. was or should have been foreseeable to the Defendants, Officer Shaefer and the four (4) other unknown officers, as in both instances, their presence was due to a child custody issue and therefore, a child was

clearly within the zone of possible danger, yet in the first incident, the three (3) unknown officers specifically pointed loaded AR-15 weapons and laser sites onto T.R.

107.    The actions of Defendants Officer Shaefer and the other four (4) unknown officers are the direct cause of the emotional injuries to T.R. and he is entitled to special damages which include pain and suffering, future pain and suffering, punitive damages and emotional trauma.

## Cause of Action VIII
## Declaratory Relief

Mr. Reeder and T.R. re-assert, re-allege, and incorporate by reference the statements contained in paragraphs 1 through 107 of this complaint, as if those statements were fully articulated within this cause of action.

108. A court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

109. Mr. Reeder asks the Court to declare that they have been harmed by the Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith, through their employee's use of excessive force.

110. Mr. Reeder asks the Court to declare that Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith by and through their employees, violated his Fourth and Fourteenth Amendment Rights to body integrity, to be free from cruel and unusual punishment and use of excessive force by law enforcement by their failure or refusal to promulgate, implement, maintain, enforce and/or follow policies and procedures intended to prevent the use of excessive force by HCSD Officers.

111. Mr. Reeder asks the Court to declare that Defendants Officer Shaefer and the other four (4) unknown officers, acting in their official and personal capacities, violated his Fourth and Fourteenth Amendment Rights to body integrity, to be free from cruel and unusual punishment and use of excessive force by law enforcement by his failure and/or refusal to follow policies and/or procedures designed regarding the use of force when engaging with arrestees.

112. Mr. Reeder asks the Court to declare that Defendant Prosecutor violated Mr. Reeder's constitutional rights when he followed policies and/or procedures that were not best practices, or in the alternative, was objectively unreasonable and deliberately indifferent by his failure to follow best practice policies and/or procedures when filing charges which lacked probable cause and were based upon a recalled warrant from another county.

113. Mr. Reeder asks the Court to declare that Defendants Board of Commissioners & Council, HCSD and Sheriff, Nick Smith, by and through their employees acting in their official capacities were negligent in their failure to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of their employees in the use of force when engaging with arrestees.

114. Mr. Reeder asks the Court to declare that Defendants Officer Shaefer and the other four (4) unknown officers, acting in their official and personal capacities, were negligent by failing to follow policies and/or procedures designed to provide guidance in the use of force when dealing with arrestees.

115. Mr. Reeder asks the Court to declare that Defendant Prosecutor was negligent when he breached duties he owed to Mr. Reeder and T.R. when he filed

charges against Mr. Reeder in *State of Indiana v. Jesse Mac Reeder,* Case No. 31D01-2312-CM-000829 and preceded to attempt to convict Mr. Reeder on charges which were without probable cause based upon a warrant that had been recalled.

## VI.   GENERAL CAUSATION AND DAMAGES

116.   As a direct and proximate result of the foregoing Causes of Action, Mr. Reeder and T.R. have suffered and continue to suffer irreparable injuries relating to losses of income, property, and wealth and injury to physical and emotional health and general well-being.

117.   As a direct and proximate result of the foregoing counts, Mr. Reeder and T.R. have suffered damages as stated herein, in an amount to be proven at trial, plus an appropriate amount for their emotional pain and suffering, and punitive damages to be determined.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Jesse Mac Reeder and T.R., pray this Court grant relief against the named Defendants under their claims as asserted above in the following manner including but not limited to:

a. An award of full, fair and adequate compensation for all injuries, damages and losses sustained and for costs herein laid out and expended;

b. An award of punitive damages in an amount sufficient to deter Defendants from the conduct complained of herein;

c. Declaratory relief as sought herein;

d. An award of reasonable attorney's fees incurred as a result of this litigation;

e.  Pre and Post Judgment interest, and

f.  For all other necessary and proper relief in the premises.

## VIII.    DEMAND FOR JURY

Comes now Plaintiffs, Jesse Mac Reeder and T.R., by and through the undersigned counsel, and respectfully requests a trial by jury as to all claims asserted herein.

Respectfully submitted,

J. GREGORY JOYNER, PLLC  #4985-98
Hurstbourne Village Drive, Suite 700
Louisville, Kentucky 40299
(502) 491-7551; fax: (502) 491-7558
greg@joynerlawoffices.com