UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JESSE MAC REEDER,<br>T. R.,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF COMMISSIONERS AND COUNCIL OF THE COUNTY OF HARRISON, INDIANA,<br>HARRISON COUNTY SHERIFF'S DEPARTMENT,<br>NICK SMITH,<br>ZACHARY SHAEFER,<br>FOUR (4) UNKNOWN OFFICERS,<br>OTTO SCHALK,<br>ISSAC CRAFTON,<br>BRAIDON PENDLETON,<br>JOHN WARD,<br>THOMAS BENNETT,<br><br>Defendants. | ) | No. 4:26-cv-00024-SEB-KMB |

**ORDER GRANTING DEFENDANT OTTO SCHALK'S MOTION TO DISMISS AND DISMISSING THOSE CLAIMS WITH PREJUDICE**

Plaintiffs Jesse Reeder and his child, T.R., brought this action against several Defendants alleging a variety of claims based on Mr. Reeder's two arrests in the presence of T.R. Presently pending before the Court is prosecutor Defendant Otto Schalk's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 16.] The Parties consented to the undersigned ruling on Mr. Schalk's Motion to Dismiss, [dkt. 30], and the District Judge referred the motion to the undersigned for disposition, [dkt. 32]. For the reasons explained below, Mr. Schalk's Motion to Dismiss is **GRANTED**, and Plaintiffs' claims against Mr. Schalk are **DISMISSED WITH PREJUDICE**. [Dkt. 16.]

## I. APPLICABLE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court's "ultimate inquiry" is whether the allegations in the operative complaint "rise above the speculative level of plausibility by 'mak[ing] more than threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Sima v. Benesch, Friedlander, Coplan & Aronoff LLP*, 191 F.4th 509, 517 (7th Cir. 2026) (alteration in original) (citation omitted). Although "complaints need not anticipate and overcome affirmative defenses," *LJM Partners, Ltd. v. Barclays Capital, Inc.*, 165 F.4th 552 (7th Cir. 2026) (citation and quotation marks omitted), the Court can dismiss claims under Rule 12(b)(6) "if the affirmative defense is clear from the face of the complaint," *Holmes v. Marion Cnty. Sheriff's Office*, 141 F.4th 818, 822 (7th Cir. 2025).

## II. RELEVANT BACKGROUND

Plaintiffs brought this action against the Board of Commissioners and Council of the County of Harrison, Indiana, the Harrison County Sheriff's Department, Harrison County Sheriff Nick Smith, five Defendant Officers, and Harrison County Prosecutor Otto Schalk. [Dkt. 60 at 4-5.] Plaintiffs' claims are based on events occurring during and following two separate arrests of Mr. Reeder. The Court's recitation of Plaintiffs' allegations focuses solely on those necessary to understand Mr. Schalk's Motion to Dismiss. The following facts are drawn from the allegations set forth in Plaintiffs' Amended Complaint, which the Court must accept as true for the purposes of this motion.[1]

On December 7, 2023, Mr. Reeder was charged by information in Harrison County with one count of interfering with custody in *State of Indiana v. Jesse Mac Reeder*, Case No. 31D01-2312-CM-000829.[2] [Dkt. 16-2 at 1.] The charging information was signed by Deputy Prosecutor

---

[1] Because the Amended Complaint is the operative pleading in this case, the Court relies on and cites the allegations in the Amended Complaint when assessing the pending Motion to Dismiss. The Parties briefed the Motion to Dismiss when the original Complaint was the operative pleading, so the citations in their briefs are to the original Complaint. The case arrived at this procedural posture because, after the Court granted Plaintiffs leave to file an Amended Complaint, Mr. Schalk asked the Court to rule on the pending Motion to Dismiss as presented, since the factual allegations and legal claims against him were the same in both pleadings. [Dkt. 58.] Plaintiffs agreed and stated that the Court should rule on the pending Motion to Dismiss. [Dkt. 61.]

[2] Mr. Schalk submitted the charging document and five other exhibits that are state court records with his Motion to Dismiss. [*See* dkts. 16-1 through 16-6.] "Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017). Although Plaintiffs question the accuracy of some of the statements made in these exhibits, [dkt. 29 at 3-5], they do not contend that the documents themselves are not authentic or what Mr. Schalk purports them to be. Moreover, the Court does not rely on the accuracy of any of the statements with which Plaintiffs disagree when ruling on Mr. Schalk's motion. Therefore, because the exhibits are all state court records the accuracy of which cannot be reasonably questioned, the Court takes judicial notice of them. *Parungao*, 858 F.3d at 457. Doing so, however, "need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

Emily Stumler. [*Id.*] It was supported by a probable cause affidavit sworn by an officer in Harrison County's Police Department. [Dkt. 16-3 at 2.]

Mr. Reeder was first arrested by Harrison County Sheriff's Officers in the presence of T.R. on January 28, 2024, based on an arrest warrant from Floyd County that had been recalled weeks earlier. [Dkt. 60 at 5.] Prior to this arrest, Mr. Reeder had repeatedly contacted the Harrison County Sheriff's Department to inform them that the Floyd County warrant had been recalled. [*Id.*] During one such communication, the Harrison County Chief of Police confirmed to Mr. Reeder that the Floyd County warrant was recalled and told Mr. Reeder that he would report that to the prosecutor, Mr. Schalk. [*Id.* at 5-6.] Despite this, Mr. Reeder was arrested—based on a charge of interfering with custody—and detained in the Harrison County Jail for three weeks. [*Id.* at 6.] During those three weeks, he wrote letters to the Sheriff and Mr. Schalk stating that his arrest was unlawful, but he received no response. [*Id.*]

Mr. Reeder was arrested a second time by Harrison County Sheriff's Officers in the presence of T.R. on May 5, 2024. [*Id.*] According to Mr. Reeder, the officers falsely believed that the same recalled warrant from Floyd County was still active. [*Id.* at 7.] But Mr. Reeder also alleges that he now knows the officers were acting on a warrant issued by Clark County on April 16, 2024, for failure to appear, which had also been recalled prior to his arrest. [*Id.*] Mr. Reeder spent one night in the Harrison County Jail before being released without explanation the next morning. [*Id.* at 8.]

On July 18, 2024, Mr. Schalk moved to dismiss without prejudice the interference with custody charge against Mr. Reeder in *State of Indiana v. Jesse Mac Reeder*, Case No. 31D01-2312-CM-000829. [Dkt. 16-5 at 1.] The next day, Mr. Reeder had a final pretrial hearing in that case, during which he recounted, among other things, that his arrest was unlawful. [Dkt. 60 at 8.] Mr.

Schalk acknowledged that "a valid warrant had never been served on him and that probable cause for his misdemeanor charges was based solely upon that warrant." [*Id.*] The state court granted Mr. Schalk's motion to dismiss the charge without prejudice. [Dkt. 16-6 at 1.]

## III. DISCUSSION[3]

Plaintiffs name Mr. Schalk in three counts of their eight-count Amended Complaint. [Dkt. 60.] Presently pending before the Court is Mr. Schalk's Motion to Dismiss the claims against him. [Dkt. 16.] Plaintiffs responded to Mr. Schalk's motion, [dkt. 29], and Mr. Schalk replied, [dkt. 36]. The Court will address each of Plaintiffs' claims against Mr. Schalk in turn.

### A. Plaintiffs' Constitutional Claim Brought Pursuant to 42 U.S.C. § 1983

Plaintiffs bring a § 1983 claim against Mr. Schalk, alleging violations of Mr. Reeder's Fourth and Fourteenth Amendment rights when Mr. Schalk filed criminal charges against Mr. Reeder "that lacked probable cause and were based upon a recalled warrant from another county." [Dkt. 60 at 21.] Plaintiffs allege that a § 1983 claim is proper against a prosecutor because the actions "of his agents, employees and servants acting in their official capacities" violated Mr. Reeder's constitutional rights. [*Id.*] Plaintiffs seek monetary damages. [*Id.*]

Mr. Schalk argues that, if Plaintiffs' § 1983 claim is asserted against him in his official capacity, he is not a "person" within the meaning of the statute and thus cannot be sued in his

[3] Plaintiffs do not appear to assert distinct claims on behalf of T.R. in the Amended Complaint, [dkt. 60], and the Parties' briefing regarding Mr. Schalk's Motion to Dismiss focuses almost exclusively on Mr. Reeder and Mr. Schalk's conduct with respect to Mr. Reeder. The Court likewise focuses on Mr. Schalk's conduct as it relates to Mr. Reeder, since the Parties do not develop specific arguments and claims as they relate to T.R.

official capacity under it.[4] [Dkt. 17 at 8-9.] Alternatively, Mr. Schalk maintains that if Plaintiffs' § 1983 claim is against him in his individual capacity, there is no vicarious liability for actions taken by Mr. Schalk's staff, and he is entitled to absolute immunity as a prosecutor. [*Id.* at 10-11.]

In response, Plaintiffs do not address Mr. Schalk's argument that any official capacity claim under § 1983 must be dismissed. [Dkt. 29 at 1-3.] Instead, Plaintiffs address only Mr. Schalk's contention that he is entitled to absolute immunity for any individual capacity claims, arguing that only qualified immunity applies. [*Id.* at 2-3 (citing *Burns v. Reed*, 500 U.S. 478 (1991)).] Plaintiffs argue that, in *Burns*, the United States Supreme Court only provided a prosecutor with qualified immunity because he was providing advice to police. [*Id.* at 2.] Plaintiffs maintain that because Mr. Reeder "was arrested on a recalled warrant . . . from another jurisdiction, not a warrant for B Misdemeanor Interference with Custody issued by a judge in Harrison County," this case is more like cases where courts have found that prosecutors are only entitled to qualified immunity rather than absolute immunity. [*Id.*] Notably, Plaintiffs characterize their § 1983 claims against Mr. Schalk as ones of "false imprisonment and malicious prosecution." [*Id.* at 3.]

In reply, Mr. Schalk argues that there are no allegations that Mr. Schalk provided any advice to the Harrison County Sheriff's Office about Mr. Reeder's arrest. [Dkt. 36 at 2.] Instead, Mr. Schalk maintains that this case is unlike *Burns* because his only actions with respect to Mr. Reeder were receiving the probable cause affidavit and filing criminal charges in *State of Indiana v. Jesse Mac Reeder*, Case No. 31D01-2312-CM-000829. [*Id.*] Moreover, Mr. Schalk argues that even if he instructed or advised officers to arrest Mr. Reeder, since he did not have authority over those

[4] Mr. Schalk also argues that any claims against the Prosecutor's Office itself must be dismissed. [Dkt. 17 at 9-10.] Plaintiffs do not list the Prosecutor's Office as a defendant in this case or argue otherwise in their response, so the Court need not address these arguments. However, even if Plaintiffs had named the Prosecutor's Office, such claims would be dismissed for the reasons set forth in Mr. Schalk's motion. [*See id.*]

officers such that they were obligated to follow his instructions—which he did not—then he is still entitled to absolute immunity. [*Id.* at 1-2 (citing *Anderson v. Simon*, 217 F.3d 472 (7th Cir. 2000)).]

The Court agrees with Mr. Schalk that any official capacity claim against him must be dismissed. Plaintiffs understandably do not resist this conclusion in their response, which alone signals the correctness of Mr. Schalk's position. *See Slack v. Carey*, 2023 WL 12175928, at *3 (S.D. Ind. Oct. 18, 2023) (holding that the Court may construe a party's failure to respond to another party's argument "as an acknowledgement of the correctness" of the other party's position). But even if Plaintiffs had responded, Mr. Schalk is correct that any official capacity claim is foreclosed. Section 1983 creates liability on "[e]very person who, under color of any . . . State [law]" violates the federal rights of another. 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. Following *Will*, the Seventh Circuit Court of Appeals has made it clear that Indiana prosecutors are state officials and thus not "person[s]" under § 1983. *See Jones v. Cummings*, 998 F.3d 782, 787 (7th Cir. 2021). Here, Mr. Schalk brought charges against Mr. Reeder "as an officer of the state, and that, under *Will*, is the end of it." *Id.*

The Court turns next to whether Mr. Schalk is entitled to absolute immunity for Plaintiffs' § 1983 claim against him in his individual capacity. "Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)); *see Burns*, 500 U.S. at 492-95. "The question is whether the prosecutor was acting as an advocate in the challenged actions or was instead acting in some other capacity, such as investigator or administrator." *Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 565 (7th Cir. 2022). "A prosecutor's advocacy role refers to acts

undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial." *Id.* (citation and quotation marks omitted). "In contrast, a prosecutor acts in an investigative capacity when he fills the role of a detective or officer searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested." *Id.* (citation and quotation marks omitted).

Plaintiffs' sole argument for why Mr. Schalk's actions in this case were not associated with the judicial process—and thus he is not entitled to absolute immunity for them—is the following: "In this case, Plaintiff was arrested on a recalled warrant . . . from another jurisdiction, not a warrant for B Misdemeanor Interference with Custody issued by a judge in Harrison County, Indiana." [Dkt. 29 at 2-3.] But this says nothing about Mr. Schalk's actual involvement in Mr. Reeder's arrest, and it does not even attempt to explain why that involvement was more akin to investigation than advocacy for criminal charges. In short, Plaintiffs fail to point to any allegations that Mr. Schalk was engaged in investigatory conduct for which absolute immunity does not apply.

As Mr. Schalk argues, the only allegations against Mr. Schalk with respect to Mr. Reeder were that Mr. Schalk's subordinate deputy prosecutor filed criminal charges against him and that Mr. Schalk eventually moved to dismiss those charges without prejudice.[5] [Dkt. 60-5 at 1; *see* Dkt. 16-5 at 1.] But filing criminal charges falls within the core duties of prosecutors such that the

---

[5] To the extent Plaintiffs rely on municipal or vicarious liability to attempt to hold Mr. Schalk responsible for the conduct of deputy prosecutors he presumably supervised, Plaintiffs' claims fail under both theories. First, supervisors "cannot be held liable [under § 1983] for their subordinates' conduct under a theory of vicarious liability." *Milbeck v. George*, 171 F.4th 930, 939 (7th Cir. 2026). Second, municipal liability under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), requires, among other things, an allegation that a "municipal policy or custom" caused the constitutional deprivation at issue. *Milbeck*, 171 F.4th at 937-38. Plaintiffs have failed to point to any non-conclusory allegation that a municipal policy or custom caused the alleged unlawful conduct at issue.

Seventh Circuit has made it clear that absolute immunity extends to prosecutors for such conduct even if a plaintiff alleges that the charges amount to "malicious prosecution unsupported by probable cause."[6] *Archer*, 870 F.3d at 612; *see Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021) (holding that defendant prosecutors were entitled to absolute immunity; "[t]he only question is whether [their] conduct—filing and amending criminal charges against a defendant—are core prosecutorial functions. We need not belabor the point. They are").[7]

For all of these reasons, the Court concludes that Mr. Schalk is entitled to absolute immunity for Plaintiffs' § 1983 claims against him in his official and individual capacities, and those claims are therefore **DISMISSED**.

**B. Plaintiffs' State Law Negligence Claim**

Plaintiffs' second count asserts state law negligence claims against Mr. Schalk. [Dkt. 60 at 25.] Plaintiffs allege that Mr. Schalk has a duty to review any probable cause affidavit before charges are filed, to properly advise law enforcement regarding the evidence necessary to prove a charge, and to avoid filing criminal charges that he knows or should have known were not supported by probable cause. [*Id.* at 26.] Plaintiffs allege that Mr. Schalk violated these duties

[6] Plaintiffs assert that an "important relevant factual allegation" is that Mr. Schalk dismissed the charges against Mr. Reeder without prejudice. [Dkt. 29 at 6.] But it is unclear what bearing this has on whether Mr. Schalk is entitled to absolute immunity, and Plaintiffs have certainly not attempted to explain one. Given that prosecutorial immunity applies even when a plaintiff alleges "malicious prosecution unsupported by probable cause," *Archer*, 870 F.3d at 612, the Court disagrees with Plaintiffs that Mr. Reeder's charges being dismissed without prejudice has any impact on the Court's analysis of whether absolute immunity applies.

[7] Mr. Schalk disagrees with Plaintiffs that Mr. Reeder's arrest and the subsequent charges were based on a recalled warrant from Floyd County rather than the warrant issued for the interference with custody charges in Harrison County. [*See* dkt. 17 at 12 n.3.] But Mr. Schalk's filing of criminal charges is subject to absolute immunity regardless of the warrant on which Mr. Reeder's arrest and charges were based and even if probable cause was lacking. *See Jones*, 998 F.3d at 788; *Archer*, 870 F.3d at 612. Thus, the Court need not resolve the Parties' dispute about this factual issue.

"when he filed charges against Mr. Reeder in *State of Indiana v. Jesse Mac Reeder*, Case No. 31D01-2312-CM-000829 and preceded to attempt to convict Mr. Reeder on charges which were without probable cause based upon a warrant that had been recalled." [*Id.*] Plaintiffs emphasize that "[u]pon Mr. Reeder attending his final pretrial conference in the case on July 19, 2024, . . . only then did [Mr. Schalk] dismiss the action *without* prejudice leading Mr. Reeder to believe that it was within his discretion to re-file the charges at a later date." [*Id.* (emphasis in original).] Plaintiffs seek monetary damages. [*Id.*]

Mr. Schalk argues that Plaintiffs' negligence claim must be dismissed for three reasons. First, he argues that, as a prosecutor, he is entitled to absolute immunity under state common law. [Dkt. 17 at 13-14.] Second, he argues that Plaintiffs failed to plead the necessary elements of a tort claim under the Indiana Tort Claims Act ("ITCA"); specifically, Plaintiffs failed to allege that Mr. Schalk acted outside his employment. [*Id.* at 14-16 (citing Ind. Code § 34-13-3-5(b)).] Third, Mr. Schalk argues that he is entitled to statutory prosecutorial immunity pursuant to Indiana Code § 34-13-3-3(a)(6). [*Id.* at 16-17.]

In their response, Plaintiffs do not respond to either of Mr. Schalk's arguments about common law or statutory prosecutorial immunity. Instead, Plaintiffs rely on the following one-sentence response to Mr. Schalk's second argument regarding whether they adequately plead a claim under the ITCA: "[T]he Plaintiff alleges malicious, willful, and wanton acts reasonably calculated to benefit State Defendant Schalk personally as required under Indiana Code 34-13-3-5." [Dkt. 29 at 3.]

In reply, Mr. Schalk reiterates the three arguments he made in his initial motion. [Dkt. 36 at 4-7.] In addition, he argues that Plaintiffs have waived any opposition to his arguments about prosecutorial immunity by failing to respond to them. [*Id.* at 7.]

The Court need not assess whether Plaintiffs adequately plead their negligence claim under the ITCA because the Court agrees with Mr. Schalk that Plaintiffs have waived any argument that prosecutorial immunity is inapplicable by completely failing to respond to Mr. Schalk's assertion of it. *See Braun v. Village of Palatine*, 56 F.4th 542, 553 (7th Cir. 2022) ("A litigant waives an argument by failing to make it before the district court. This rule applies when a party fails to develop arguments related to a discrete issue and also when he effectively abandons the issue by not responding to alleged deficiencies in a motion to dismiss." (citation and quotation marks omitted)). As noted above, Plaintiffs fail to offer *any* response to Mr. Schalk's arguments regarding immunity for the negligence claim.[8] As such, they have waived any opposition to Mr. Schalk's contention that he is entitled to absolute and statutory immunity for Plaintiffs' negligence claim.

For these reasons, the Court concludes that Mr. Schalk is entitled to immunity for Plaintiffs' negligence claims, and those claims are **DISMISSED**.

**C. Plaintiffs' Request for Declaratory Relief**

In Count VIII, Plaintiffs seek declaratory relief against several Defendants. [Dkt. 60 at 29-31.] As to Mr. Schalk, Plaintiffs seek a declaration that Mr. Schalk violated Mr. Reeder's constitutional rights "when filing charges which lacked probable cause and were based upon a recalled warrant from another county." [*Id.* at 30.] Plaintiffs also seek a declaration that Mr. Schalk was negligent when he breached the duties outlined in their negligence claim and "attempted to

[8] Even if the Court construed Plaintiffs' single sentence regarding their negligence claims as an argument against prosecutorial immunity, Plaintiffs' argument falls short. Indiana law provides statutory immunity to government employees "acting within the scope of the employee's employment" for any loss resulting from "[t]he initiation of a judicial . . . proceeding." Ind. Code § 34-13-3-3(a)(6). Plaintiffs assert in their response that they allege that Mr. Schalk acted maliciously and willfully. [Dkt. 29 at 3.] But they fail to cite any specific allegations in the Complaint to support this argument, let alone describe how Mr. Schalk's charging of Mr. Reeder was not an act within the scope of his employment as a prosecutor.

convict Mr. Reeder on charges which were without probable cause based upon a warranted that had been recalled." [*Id.* at 31.] In short, Plaintiffs seek declaratory relief regarding their § 1983 and negligence claims discussed above.

Neither Party directly addresses whether Plaintiffs' request for declaratory relief against Mr. Schalk should be dismissed. However, the Court has "substantial discretion in deciding whether to declare the rights of litigants." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 379 (7th Cir. 2019) (citation and quotation marks omitted). Because Plaintiffs' "request for declaratory relief is duplicative of [their] substantive . . . claims" that the Court has already dismissed, the Court also **DISMISSES** Plaintiffs' request for declaratory relief against Mr. Schalk. *Geisleman v. Campbell*, 2025 WL 1558182, at *4 (S.D. Ind. May 30, 2025); *see Saylor v. Krupp*, 2026 WL 2936664, at *23 n.9 (S.D. Ind. Sept. 30, 2026) ("[C]ourts may dismiss claims for declaratory relief where they are 'substantively identical to,' and thus 'duplicative' of, other claims in the case.") (quoting *Levy v. West Coast Life Ins. Co.*, 44 F.4th 621, 629 (7th Cir. 2022)).

**D. Whether to Allow Leave to Amend**

Having concluded that Plaintiffs' claims against Mr. Schalk must be dismissed, the Court must determine whether Plaintiffs should be granted another opportunity to plead their claims against Mr. Schalk. Federal Rule of Civil Procedure 15 requires district courts to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and "the rule favors amendment as a general matter." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022). However, Plaintiffs have already amended their complaint once, [dkt. 60], and the Court notes that they did so months after they had the opportunity to review the arguments in Mr. Schalk's Motion to Dismiss. Despite this opportunity, Plaintiffs' have already acknowledged that their Amended Complaint did not "substantially change the factual allegations or legal claims against Defendant

Schalk." [Dkt. 61.] Since it is clear from the face of the Amended Complaint that Mr. Schalk is entitled to absolute immunity regarding the § 1983 claim, and that Plaintiffs failed to even respond to Mr. Schalk's assertion of immunity regarding the state law negligence claims, the Court concludes that allowing Plaintiffs another opportunity to amend their claims against Mr. Schalk would be futile. *Allen*, 41 F.4th at 853 ("[A] district court is within its discretion to deny leave to amend when it has a good reason for doing so, such as futility[.]") (citation and quotation marks omitted); *see Lewis v. AbbVie Inc.*, 152 F.4th 807, 816 (7th Cir. 2025) (holding that denying a plaintiff leave to amend is appropriate when "a plaintiff does not propose how they would cure a deficient complaint" or "offer any meaningful indication of how it would plead differently") (citation and quotation marks omitted). Accordingly, Plaintiffs will not be given another opportunity to amend their claims against Mr. Schalk, and their claims against him are **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons explained above, Mr. Schalk's Motion to Dismiss is **GRANTED**. [Dkt. 16.] Plaintiffs will not be given another opportunity to amend their claims against Mr. Schalk, and their claims against him are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Date: 11/23/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email